UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

KEITH W. POLLOCK,

    Plaintiff,

    v.          CAUSE NO. 2:23-CV-457-JD-APR

REESE PETERSON, et al.,

    Defendants.

## OPINION AND ORDER

Keith W. Pollock, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Pollock is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Pollock is a pretrial detainee at the Jasper County Jail. He alleges that on or about August 22, 2023, he was in a "padded cell" when Correctional Officer Reese Peterson arrived and allegedly threw him into a wall for no reason. The officer then

allegedly put handcuffs on him so tightly that they cut off the circulation to his hands. He further claims that while he was wearing handcuffs the officer "wrenched [his] arms apart" in a manner that injured his wrist. The injury was allegedly so serious that he had to be sent to an outside hospital for treatment.

He also describes a second incident occurring on an unspecified date in which individuals he refers to only as "they" "refused to take [him] to court." He claims that because he was not at the court proceeding, the judge presiding over the case "awarded all [his] belongings to the new buyer." He believes such action by the judge was wrong. Based on these events, he sues Officer Peterson, "county cops," and "Judge Potter," seeking monetary damages.

Because Mr. Pollock was a pretrial detainee at the time of this incident, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Id.* at 353–54. A jail official's conduct is objectively unreasonable "when it is 'not rationally related to a legitimate nonpunitive governmental purpose[.]'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (citation omitted). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must allege that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the

2

need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* at 397.

Giving him the inferences to which is he is entitled, he has alleged a plausible excessive force claim against Officer Peterson. He alleges, in effect, that he was not posing a threat or engaging in other wrongdoing, and yet the officer allegedly threw him into a wall, put handcuffs on him too tightly, and pulled his arms apart in a manner that injured his wrist, requiring treatment at an outside hospital. He will be permitted to proceed on a claim for damages against Officer Peterson.

As for the defendants he identifies as "county cops," it is unclear if these were the individuals who allegedly failed to transport him to the court hearing.[1] Given his vague description, it is not clear whether these individuals had a duty to transport him to a civil court proceeding, or whether they were even aware of the proceeding. Additionally, to the extent he is trying to allege a denial of his right of access to the courts, this is not an "abstract, freestanding right," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), and instead an access-to-the-courts claim hinges on whether there was prejudice to a non-frivolous legal claim. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). Thus, to state a claim, an inmate is required to "spell out" in at least minimal detail the connection between the defendant's conduct and the resulting prejudice to a potentially meritorious legal claim. *Id.* Although Mr. Pollock claims there was an adverse ruling, he

---

[1] It is permissible to sue "placeholder" defendants in federal court, but as a practical matter they cannot be served with process to bring them into a lawsuit. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). Mr. Pollock must bear in mind that any unnamed defendants have to be identified and served within the two-year limitations period and the deadline specified in Federal Rule of Civil Procedure 4(m). *Id.*

3

does not provide enough detail about the nature of the case, the basis of the court's ruling, or other information to suggest that his absence from the hearing resulted in prejudice to a non-frivolous legal claim. Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened . . . that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). To the extent he is suing the judge for damages, the judge has absolute immunity. *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). These defendants will be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Reese Peterson in his personal capacity for money damages for using excessive force against the plaintiff on or about August 22, 2023, in violation of the Fourteenth Amendment;

(2) DISMISSES County Cops and Judge Potter as defendants;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Reese Peterson at the Jasper County Jail and to send him a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Jasper County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who cannot be served at the jail, to the extent this information is available;

(6) ORDERS Officer Peterson to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 31, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT